# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRIAN LEE JONES,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 70018 |

**FILED**

DEC 2 3 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of intimidating a public officer and one count of resisting a public officer with the use of a dangerous weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

This case arises from an incident wherein appellant Brian Jones threatened to take his own life. When police officers responded to the scene, Jones encouraged the officers to shoot him. A standoff ensued, and Jones was eventually arrested without incident. The State charged Jones with two counts of intimidating a public officer (IPO) and one count of resisting a public officer with the use of a dangerous weapon. The jury found Jones guilty on all counts.

Jones now appeals, arguing there is insufficient evidence to support his IPO convictions. In reviewing Jones' claim, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (internal quotation

16-39987

marks omitted). We hold there is sufficient evidence to support Jones' IPO convictions; therefore, we affirm the judgment of conviction.

NRS 199.300 declares it a crime to threaten or intimidate a public officer. NRS 199.300 reads, in relevant part, as follows:

> 1. A person shall not, directly or indirectly, address any threat or intimidation to a public officer . . . with the intent to induce such a person contrary to his or her duty to do, make, omit or delay any act, . . . if the threat or intimidation communicates the intent, either immediately or in the future:
>
> > (a) To cause bodily injury to any person . . . .
>
> . . . .
>
> 3. A person who violates subsection 1 is guilty of:
>
> > (a) If physical force or the immediate threat of physical force is used in the course of the intimidation or in the making of the threat:
> >
> > > (1) For a first offense, a category C felony . . . .

After viewing the evidence in the light most favorable to the prosecution, the evidence reveals that (1) Jones was holding a knife up to his own neck, (2) Officers Eric Sokolowski and Michael Eddington were present and had their guns drawn on Jones, and (3) Jones was yelling at Officer Sokolowski. Specifically, Jones yelled "things along the lines of fucking kill me, shoot me, I hate you, kill me, kill me, fucking do it," and "why won't you kill me, if you don't kill me, I'll make you kill me, if you don't shoot me, I'll make you shoot me, just do it." Finally, as Jones acknowledges in his fast track reply, he did not immediately throw down the knife when commanded to do so by the officers.

We hold a rational jury could conclude beyond a reasonable doubt that the essential elements of intimidating a public officer are satisfied. In particular, a rational jury could conclude that Jones' statements (1) directly threatened Officer Sokolowski, and indirectly threatened or intimidated Officer Eddington; (2) were made with the intent to induce both officers to fire their weapons; (3) communicated an intent to cause bodily injury to Officer Sokolowski; and (4) constituted an immediate threat of physical force against Officer Sokolowski. Therefore, we conclude there was sufficient evidence to support Jones' IPO convictions.[1] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

---

[1]In light of this holding, we need not address whether Jones' post-arrest statements constitute intimidating a public officer under NRS 199.300.

cc: Hon. Douglas W. Herndon, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A